FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTH SAILS GROUP, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARDS & MORE GmbH, an Austrian limited liability company, BOARDS & MORE, INC., a Washington corporation,<br><br>    Defendants. | No. 1:19-cv-03112-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 46. Plaintiff is represented by Brian G. Bodine, Kathryn E. Garipay and Per de Vise Jansen. Pursuant to LR7.1(i)(3)(B)(iii), the Court has determined that oral argument is not warranted.

Plaintiff asks the Court to reconsider its ruling that the Court does not have personal jurisdiction over Defendant Boards & More, GmbH. Plaintiff argues the Court erred in not finding that Fed. Rule Civ. P. 4(k)(2) provides federal jurisdiction. Plaintiff's motion is without merit.

Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). It is well settled that "a motion for reconsideration should not be granted, absent highly

**ORDER DENYING**
**PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1**

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Because of this and contrary to Plaintiff's assertion, Defendants' failure to respond does not waive its right to object to the Motion for Reconsideration.

Plaintiff has not presented the Court with newly discovered evidence. Nor has Plaintiff argued there is an intervening change in the law. Rather, Plaintiff asserts the Court committed clear error.

As the Ninth Circuit explained,

> The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors. First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process.

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).

It is Plaintiff's burden to show the Court has jurisdiction over Defendants. *Id.* at 1154. Thus, Plaintiff's assertions that Defendants are required to identify another state where the suit can proceed is incorrect. In its Order, the Court concluded Plaintiff could not meet the third prong, namely that "Plaintiff's Lantham Act claims are not related to Defendant's B&M Austria's sales to B&M USA." ECF No. 43. That finding precludes personal jurisdiction under Fed. R. Civ. P. 4(k)(2) and Plaintiff has not convinced the Court it committed clear error in making that finding.

Moreover, the Court concluded additional discovery on this issue would not be helpful because the record was sufficiently developed for it to rule on the question of federal jurisdiction. As such, Plaintiff's request for jurisdictional discovery was not granted.

**ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration, ECF No. 46, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of January 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING**
**PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3**