FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTH SAILS GROUP, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARDS & MORE, INC., a Washington corporation,<br><br>    Defendant. | No. 1:19-CV-03112-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS** |

    Before the Court are Defendant's Motion for Judgment on the Pleadings, ECF No. 57; and Plaintiff's Motion for Entry of Rule 54(b) Final Judgment on Claims Against Boards & More GmbH, ECF No. 58. Plaintiff is represented by Brian G. Bodine, Arne M. Olson, Kathryn E. Garipay, Paul Swanson and Per de Vise Jansen. Defendant is represented by Christopher J. Gaspar, Javier J. Ramos and John Nelson. The motions were heard without oral argument.

    Plaintiff, a Delaware corporation, is bringing Lanham Act claims and a Washington Consumer Protection Act claim against Defendant Boards & More, Inc., a Washington corporation. Defendant is a distributor of windsurfing and kiteboarding products manufactured by Boards & More, GmbH. Boards & More, GmbH was dismissed from this action after the Court ruled it did not have personal jurisdiction over it. ECF No. 43.

    Defendant now moves for judgment on the pleadings, asserting (1) the

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS ~ 1**

nominative fair use doctrine bars Plaintiff's claims for trademark infringement and unfair competition; (2) its genuine goods cannot infringe as a matter of law; (3) Plaintiff has not alleged sufficient facts that the license terminated; (4) there is no likelihood of confusion as a matter of law; (5) Plaintiff failed to adequately plead the public interest and causation elements if its state unfair competition claim; (6) Rule 9 applies to the false advertising claim and Plaintiff has failed to adequately plead this claim; and (7) Plaintiff failed to allege facts to support alter-ego theory of liability.

**Plaintiff's Allegations**

Plaintiff licensed its trademarks to Boards & More, GmbH, and its NORTH trademarks, including NORTH KITEBOARDING and NORTH WINDSURFING, were placed on Boards & More, GmbH's products.

Plaintiff's theory of liability is Defendant, by itself, and together and in concert with third-party Boards & More, GmbH ("B&M Austria") have used and are still using the NORTH trademarks to market, promote, advertise and sell competing kiteboarding products and windsurfing products that have an entirely different brand: Duotone. It also alleges Defendant promoted the change from the Licensed NORTH Trademarks to Duotone as merely a "name change", thereby confusing customers and misleading them to falsely believe that Duotone products are approved by, sponsored by, or associated with North Sails and the NORTH trademarks.

Plaintiff allege consumers who had bookmarked the NORTH Social Media platforms on their computer and were looking for the particular NORTH social media page now landed on "Duotone" social media sites. These "Duotone" social media sites, however, retained the posts, photographs, and videos of NORTH products, which created a false association between NORTH and Duotone, leading consumers to mistakenly believe that NORTH and Duotone were approved, sponsored, or originated from the same source. Plaintiff asserts such a false

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS ~ 2**

association is both trademark infringement and unfair competition.

It argues that by changing the name of the NORTH Social Media platforms to "Duotone", while people still saw "North" bookmarked on their computers Defendant and B&M Austria were able to misdirect followers of the NORTH Social Media platforms, to keep the posts, photographs, and videos for NORTH, and to otherwise use the NORTH trademarks and trade on the goodwill in the NORTH trademarks to promote competing Duotone products.

It asserts Defendant and B&M Austria deliberately chose to not create new social media pages for "Duotone," and to just change the NORTH Social Medial platforms to "Duotone." Their actions resulted in consumers seeing the NORTH trademarks and products alongside Duotone, reinforcing the mistaken belief that the change from NORTH to "Duotone" was merely a "name change", and that all the goodwill in the NORTH trademarks were with Defendant and B&M Austria. Plaintiff asserts this "bait and switch" tactic, using the NORTH trademark to lure consumers to competing products, constitutes trademark infringement.

Plaintiff alleges Defendant and B&M Austria's use of the NORTH trademarks have gone beyond the permitted use of selling off existing inventory of product bearing the previously Licensed NORTH Trademarks. Defendant and B&M Austria are acting together and in concert to use the NORTH trademarks to promote competing products, represent the change from the NORTH trademarks to Duotone is merely a "name change", falsely claim the goodwill in the NORTH trademarks belongs to them, and otherwise use the NORTH trademarks to their benefit to build the Duotone brand and business, all to the detriment of Plaintiff and its family of NORTH trademarks. These activities create a false association between the Duotone and NORTH products without any of the prior quality control provided by the 2000 License Agreement. As such, these actions constitute trademark infringement and unfair competition.

Plaintiff alleges that despite the termination of the 2000 License Agreement,

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS** ~ 3

B&M Austria renewed the domain name registration for <northkites.com> on or about January 8, 2019, renewed the domain name registration for <northwindsurf.com> on or about January 26, 2019, and renewed the domain name registration for <northkiteboarding.com> on or about March 23, 2019. Defendant and B&M Austria continued to use the NORTH domain names, not to promote NORTH products, but to trade off the NORTH trademarks to promote Duotone products in the U.S. and Washington State.

Plaintiff alleges by renewing the domain name registrations for <northkiteboarding.com>, <northkites.com>, and <north-windsurf.com>, B&M Austria is holding the domain names hostage. It asserts that renewing the NORTH domain names also allowed Defendant and B&M Austria to use the websites associated with the NORTH domain names to mislead and redirect consumers looking for NORTH KITEBOARDING products and NORTH SAILS windsurfing products to competing Duotone products being sold in the U.S. and the state of Washington. On January 8, 2020, Boards & More GmbH renewed the domain name registration for <northkites.com>.

Plaintiff alleges that by redirecting the NORTH domain names to the <duotonesports.com> website, consumers in the U.S. and the state of Washington looking for NORTH kiteboarding and windsurfing products were led to mistakenly believe that the NORTH products would now be sold under a new brand name "Duotone." Defendant together and in concert with B&M Austria used the NORTH domain names to divert consumers looking for NORTH products to competing products by misleading them into believing that the licensed NORTH products were now "Duotone." This use of the NORTH domain names allowed Defendant and B&M Austria to get their "foot in the door" by confusing consumers and misleading them to believe that a "Duotone" product is somehow affiliated with, approved by, or associated with North Sails and the NORTH trademarks. Plaintiff asserts this is trademark infringement.

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS ~ 4**

# Motion Standard

## 1. 12(c) Motion Standard

A judgment on the pleadings is a decision on the merits. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Seventh-Day Adventists*, 887 F.2d at 230.

A district court typically may not consider material beyond the pleadings in ruling on a Rule 12(c) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Nevertheless, the court may consider "material which is properly submitted as part of the complaint." *Id*. The court may also consider documents not physically attached to the complaint so long as their authenticity is not contested and the complaint relies on them. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Finally, the court "may take judicial notice of 'matters of public record.'" *Id.* at 689.

## 2. 12(b)(6) Motion Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." In analyzing motions to dismiss, the Court must accept as true all well-pleaded factual allegations. *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008).

For a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) "A claim has facial plausibility . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citation omitted).

The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

### Analysis

Here, the Amended Complaint fails to state a claim for federal trademark infringement, unfair competition, and false advertising against Defendant. Plaintiff attempts to impute the actions of B&M Austria on Defendant; however, its allegations are insufficient as a matter of law.

Although Plaintiff alleges Defendant and B&M Austria "acted in concert" these allegations are no more than conclusory statements that the Court need not accept as true. Moreover, Plaintiff relies on its assertions that Defendant and B&M Austria are "jointly and severally" liable to impute B&M Austria's action on Defendant. Joint and several liability is a theory of damage-apportionment between various parties, not a theory of imputed liability relating to non-parties. Plaintiff's reliance on *TrafficSchool.com v. Edriver Inc*, 653 F.3d 820 (9th Cir. 2011) does not support their position. In that case, the defendants, after a trial was held, filed a Fed. R. Civ. 52(a) motion arguing that the evidence was insufficient to hold liable any defendant other than one of the named-defendants, *Id.* at 834. The district court concluded that all defendants were jointly and severally liable. *Id.* In doing so, it explained in great detail each defendant's role in creating, developing, or disseminating the misleading advertising. *Id.* The Ninth Circuit concluded that the district court findings were sufficient to hold the defendants liable as joint

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS ~ 6**

tortfeasors. *Id.* Joint and several liability was imposed against all defendants who were named in the action, not third parties.

While it is true a joint tortfeasor is not a necessary party to an action against another party in a trademark infringement action, *see Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 207 (D.C. Cir. 1981)("Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor. Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit ... are not indispensable parties"); *see also* 7 Wright & Miller, Federal Practice and Procedure, Civil. 2d § 1614, at 225 (3d ed.), a plaintiff must still allege sufficient facts to support its theory of liability. In this case, Plaintiff's allegations that Defendant and B&M Austria were "acting in concert" are insufficient to meet its burden under Rule 12(b)(6).

Because Plaintiff has failed to state a claim upon which relief may be granted, the Court grants Defendant's Motion for Judgment on the Pleadings. Moreover, judgment on the pleadings is appropriate as a matter of law because Plaintiff cannot show that Defendant's alleged use of Plaintiff's mark is likely to cause confusion.

To prove a claim of trademark infringement, a plaintiff must show: (1) it has a valid, protectable trademark and (2) defendant's use of the mark is likely to cause confusion. *Network Automation, Inc. v. Advanced Systems Concepts, Inc..*, 638 F.3d 1137, 1145 (9th Cir. 2011). "The core element of trademark infringement is whether the defendant's conduct is likely to confuse customers about the source of the products." *Multi Time Machine, Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 933 (9th Cir. 2015) (quotations omitted). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS** ~ 7

confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). "The confusion must 'be probable, not simply a possibility.'" *Murray v. Cable NBC*, 86 F.3d 858, 861 (9th Cir. 1996) (quotation omitted). The likelihood of confusion is often a question of fact, but not always. *Multi Time Machine*, *Inc.*, 804 F.3d at 939. If a court can conclude that the consumer confusion alleged by the trademark holder is highly unlikely by simply reviewing the product listing/advertisement at issue, summary judgment is appropriate. *Id.*

Here, in order to determine whether there is likelihood of confusion under the facts alleged by Plaintiff, it is necessary to answer two questions: (1) Who is the relevant reasonable consumer? and (2) What would she reasonably believe based on what she saw on the screen? *Id.* at 937. As the Circuit explained, in answering the first question, "the nature of the goods and the type of consumer is highly relevant to determining the likelihood of confusion." *Id.* (quotation omitted). "Confusion is less likely where buyers exercise care and precision in their purchases, such as for expensive or sophisticated items." *Id.*

In this case, the goods are expensive, and the relevant consumer is a sophisticated consumer accustomed to shopping online. Moreover, the two brands, NORTH KITEBOARDING and Duotone are completely distinct. B&M Austria's clear labeling as it introduced Duotone as a new brand eliminated any potential likelihood of confusion. Moreover, it is undisputed that any reference to the NORTH products by B&M Austria reflected the time when B&M Austria actually produced the kiteboarding and windsurfing products sold under the NORTH marks. The Court finds as a matter of law that a reasonably prudent consumer in the marketplace for windsurfing and kiteboarding products would not be confused by Defendant's conduct as alleged by Plaintiff in its Amended Complaint. Thus, judgment in favor of Defendant on Plaintiff's claim for trademark infringement, unfair competition, and the state law unfair competition is appropriate.

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS** ~ 8

For the same reasons, the Court finds there is no likelihood of consumer deception as a matter of law because no reasonable consumer could have been deceived by Defendant's conduct as alleged by Plaintiff in its Amended Complaint, so judgment in favor of Defendant on Plaintiff's claim for false advertising is appropriate as well. *See, e.g., Davis v. HSBC Bank*, 691 F.3d 1152, 1162 (9th Cir. 2012) (dismissing California state law claim for false advertising after finding the advertising at issue was not likely to deceive a reasonable consumer).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judgment on the Pleadings, ECF No. 57, is **GRANTED**.

2. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

3. Plaintiff's Motion for Entry of Rule 54(b) Final Judgment on Claims Against Boards & More GmbH, ECF No. 58, is **DENIED**, as moot.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 1st day of April 2020.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS ~ 9**