John Ray Nelson, WSBA #16393
Foster Garvey P.C.
618 W. Riverside Ave., Suite 300
Spokane, WA 99201-5102
Telephone: (509) 777-1600
Email: john.nelson@foster.com

***Local Counsel for Defendants***

Christopher J. Gaspar, *Pro Hac Vice*
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
Telephone: (212) 530-5000
Email: cgaspar@milbank.com

Javier J. Ramos, *Pro Hac Vice*
Milbank LLP
1850 K St., Ste. 1100
Washington, D.C.,20006
Telephone: (202) 835-7507
Email: jramos@milbank.com

***Lead Counsel for Defendants***

The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

NORTH SAILS GROUP, LLC, a Delaware limited liability company,

Plaintiff,

v.

BOARDS & MORE, INC., a Washington corporation,

Defendant.

No. 1:19-cv-03112-SAB

**MOTION FOR ATTORNEYS' FEES UNDER RULE 54(d)**

**JUNE 1, 2020**
**WITHOUT ORAL ARGUMENT**

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................... 1

II. PROCEDURAL HISTORY ............................................................ 1

III. ATTORNEYS' FEES OF $94,350 SHOULD BE AWARDED............... 5

A. B&M AUSTRIA PREVAILED AFTER BEING HALED INTO WASHINGTON ..................................................................... 5

B. DEFENDANT B&M AUSTRIA SEEKS AN AWARD OF FEES FOR 138.75 HOURS OF ATTORNEY WORK DEFENDING B&M AUSTRIA IN THIS ACTION ................................................. 6

C. A RATE OF $680 PER HOUR IS REASONABLE....................... 9

IV. CONCLUSION.......................................................................... 10

CERTIFICATE OF SERVICE .......................................................... 12

MOTION FOR ATTORNEYS' FEES UNDER RULE 54(d) - i
Case No. 1:19-cv-03112-SAB

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Director, Office of Workers Comp. Prog.*, 91 F.3d 1322 (9th Cir. 1996) ....................9

*Buich v. Tadich Grill Dev. Co.*, 2020 WL 60310 (Wash. App., Div. 1 Jan. 6, 2020) ....................10

*Blum v. Stenson*, 465 U.S. 886 (1984) ....................9

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ....................6

*Community Assoc. for Restoration of the Env., Inc. v. Cow Palace, LLC*, 2016 WL 3582754 (E.D. Wash. Jan. 12, 2016) ....................7

*CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016) ....................5

*Dudley v. Lucasfilm, Ltd*, 2014 WL 1056652 (E.D. Wash. Mar. 18, 2014) ....................6

*Gordon v. Robinhood Fin.*, 2020 WL 831137 (E.D. Wash. Feb. 19, 2020) ....................6

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ....................7

*Mirza Minds, Inc. v. Kenvox US LLC*, No. 2:15-cv-53-SAB, ECF 45 (E.D. Wash. Jan. 14, 2016) ....................6

*Pakootas v. Teck Cominco Metals, Ltd.*, 2006 WL 10671390 (E.D. Wash. Dec. 21, 2009) ....................10

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

*Plumbers Union Local No. 12, Pension Fund v. Ambassadors Group Inc.*, 2012 WL 12965710 (E.D. Wash. June 28, 2012)................................................9

*Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754 (9th Cir. 2015) ........................................................................7

*Scott Fetzer Co. v. Kirby Co. Div. v. Weeks*, 786 P.2d 265 (Wa. 1990) (*en banc*)............................................................5, 6

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041 (9th Cir. 2000) ......................................................................8

*Wakefield Kennedy LLC v. Baldwin*, No. 11-cv-00604-DN-EJF, ECF No. 200 ..........................................................9

*Weigand v. Cheung*, 2016 WL 4591840 (E.D. Wash. Sept. 1, 2016)..........................................6, 8, 9

**Statutes**

Lanham Act, 15 U.S.C. § 1117 ..........................................................................6

Revised Code of Washington 4.28.185(5) ("RCW 4.28.185(5)")..............1, 5, 6, 10

Revised Code of Washington 4.84.185 ("RCW 4.84.185") ....................................6

**Other Authorities**

Federal Rule of Civil Procedure 4(k)(2) ("Rule 4(k)(2)").......................................3

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)")....................................4

Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") ............................................1

Local Civil Rule 7 ("LCivR 7")..............................................................................1

Local Civil Rule 54(d)(2) ("LCivR 54(d)(2)") .......................................................1

Local Civil Rule 83.2(c)(1) ("LCivR 83.2(c)(1)") .................................................7

FOSTER GARVEY P.C.
618 W. Riverside, Suite 300
Spokane, Washington 99201-5102
Phone (509) 777-1600 Fax (509) 777-1616

## I. INTRODUCTION

Pursuant to LCivR 7 and 54(d)(2), Rule 54(d), and RCW 4.28.185(5), Defendant Boards & More GmbH ("B&M Austria") seeks reasonable attorney fees representing expenses for a portion of its defense of this civil action.

Since late 2017, Defendants have spent substantial sums defending baseless claims by North Sails Group, LLC ("NSG"). This is the third civil action NSG filed against B&M Austria and the third action dismissed in B&M Austria's favor.

In the present action alone, Milbank LLP and Foster Garvey P.C. (on B&M Austria's behalf) have spent more than 900 hours over 11 months obtaining early dismissal of Defendants. (Gaspar Decl. ¶ 4; Nelson Decl. ¶ 5). The time spent attempting to settle, drafting and litigating successful motions to dismiss, answering pleadings, and responding to NSG's subsequent motions attempting to reverse this Court's decisions—particularly for B&M Austria—was entirely avoidable. NSG haled B&M Austria into Washington even though (i) there were no grounds for personal jurisdiction and (ii) NSG had earlier failed to establish personal jurisdiction over B&M Austria in another court (Connecticut) based on similar jurisdictional arguments.

## II. PROCEDURAL HISTORY

On May 24, 2019, Plaintiff filed a complaint (ECF 1) against two Defendants: (i) B&M Austria and (ii) Washington-based Boards & More, Inc.

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

("B&M USA"). Plaintiff alleged personal jurisdiction over B&M Austria under Washington's long arm statute. (ECF 1 at ¶ 8; ECF 21 at 7 ("RCW 4.28.185 … creates specific jurisdiction" over B&M Austria)). Defendants agreed to accept service of the complaint and summons through counsel in New York to relieve Plaintiff and the Court from expending time and resources arranging for service through the Austrian-law-required letters-rogatory process. (*Cf.* ECF 8 at 2).

On September 4, 2019, Defendants filed three motions: (i) a Motion to Dismiss B&M Austria for Lack of Personal Jurisdiction (ECF 14); (ii) a Motion to Dismiss Defendants for Failure to State a Claim (ECF 13); and (iii) a Motion to Stay the Proceedings in view of NSG's previously-filed action in Connecticut state court against B&M Austria and EMERAM Capital Partners GmbH (ECF 15).

The parties completed briefing on the motions to dismiss on October 9, 2019. (*See* ECF 29, 30). Thereafter, NSG filed *two* unauthorized "supplemental responses" in opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, each with accompanying evidentiary declarations. The supplemental briefing included almost 50 pages of new exhibits but cited no law or facts unavailable to NSG during principal briefing. The Court granted Defendants' motions for leave to respond. (*See* ECF 35, 39).

The Court heard oral argument in Yakima, Washington on November 13,

FOSTER GARVEY P.C.
618 W. Riverside, Suite 300
Spokane, Washington 99201-5102
Phone (509) 777-1600 Fax (509) 777-1616

2018 and granted Defendants' motions to dismiss on November 18, 2019. (ECF 43). The Court held, in short, that dismissal of B&M Austria for lack of personal jurisdiction was warranted as: (i) the Court does not have general personal jurisdiction because "it is not incorporated in the state of Washington and White Salmon is not its principal place of business as contemplated by *Daimler AG*," and (ii) the Court lacks specific personal jurisdiction at least because "Plaintiff's Lanham Act claims are not related to Defendant's B&M Austria's sales to B&M USA." (ECF 43 at 8-9). The Court also found that the complaint was "devoid of specific facts that suggest that Defendant B&M USA … violated the Lanham Act" and dismissed B&M USA, with leave to amend, for failure to state a claim. (*Id.* at 11). On December 2, 2019, Defendants filed a Motion for Extension of Time to Move for Attorney Fees (ECF 44). The Court granted that request. (ECF 48).

Rather than appeal, Plaintiff filed a Motion for Reconsideration alleging "[c]lear error was committed in granting the motion to dismiss without first considering jurisdiction under Rule 4(k)(2), or the request for jurisdictional discovery." (ECF 46 at 2). Defendants did not believe that NSG's arguments warranted a response and refrained from further burdening the Court with briefing. Nevertheless, NSG filed a "reply" brief arguing, among other things, that "Boards & More have [sic] waived their right to object to the Motion for Reconsideration,

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

and to the hearing date." (ECF 49). The Court denied the Motion for Reconsideration (ECF 50). On January 16, 2020, NSG filed its Amended Complaint (ECF 51) against only defendant B&M USA.

On February 6, 2020, B&M USA filed an Answer (ECF 55) and a Motion for Judgment on the Pleadings (ECF 57). On February 13, 2020—almost three months after the Court dismissed B&M Austria—NSG filed a Motion for Entry of a Final Judgment on Claims Against B&M Austria (ECF 58) which, if granted, would have allowed NSG to immediately appeal the Court's dismissal of B&M Austria. The parties fully briefed the motions by March 26, 2020. On April 1, 2020, the Court granted B&M USA's Motion for Judgment on the Pleadings (ECF 72), denied NSG's Motion for Entry of a Final Judgment as moot (*id.*), and entered judgment in favor of B&M USA (ECF 73).

In granting the Motion for Judgment on the Pleadings in favor of B&M USA, the Court held, among other things, that: (i) Plaintiff's attempt to impute liability of dismissed B&M Austria to B&M USA failed because joint and several liability is a theory of damage-apportionment, not for imputing liability of a non-party to a defendant (ECF 72 at 6); (ii) Plaintiff's allegations that B&M Austria and B&M USA "acted in concert" were no more than conclusory statements insufficient to meet Plaintiff's burden under Rule 12(b)(6) (*id.* at 6-7); (iii) the

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

North Kiteboarding and Duotone brands are clearly and distinctly labeled such that a reasonably prudent consumer would not be confused by the alleged conduct (*id.* at 8); and (iv) there is no likelihood of consumer deception because no reasonable consumer could have been deceived by the alleged conduct (*id.* at 9).

A final judgment regarding all claims in NSG's complaints (ECF 1, 51) in favor of B&M Austria and B&M USA now exists and B&M Austria and B&M USA are the prevailing parties. *Cf. CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016) (defendant prevails where plaintiff's claims are rejected).

## III. ATTORNEYS' FEES OF $94,350 SHOULD BE AWARDED

### A. B&M Austria Prevailed After Being Haled into Washington

"RCW 4.28.185(5) authorizes an award of reasonable attorney fees to a defendant who, having been hailed into a Washington court under the long-arm statute, 'prevails in the action'." *Scott Fetzer Co. v. Kirby Co. Div. v. Weeks*, 786 P.2d 265, 267 (Wa. 1990) (*en banc*). RCW 4.28.185(5) has two conditions: the defendant (i) "is personally served outside the state" and (ii) "prevails."

Both conditions are met. Personal service occurred in New York. (ECF 8 at 2, 4 ("Counsel for Defendants agreed to accept service"; "Agreed to by: MILBANK LLP … 55 Hudson Yards New York, New York")). And, B&M Austria "prevail[ed] in the action." (ECF 43, 73); *cf. CRST*, 136 S. Ct. at 1651.

Awards of attorney fees under RCW 4.28.185(5) are routine, albeit

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

discretionary. *See, e.g.*, *Scott Fetzer*, 786 P.2d at 268; *Gordon v. Robinhood Fin.*, 2020 WL 831137, at *1 (E.D. Wash. Feb. 19, 2020); *Mirza Minds, Inc. v. Kenvox US LLC*, No. 2:15-cv-53-SAB, ECF 45 at 2 (E.D. Wash. Jan. 14, 2016) ("Where a defendant does not have minimum contacts to justify personal jurisdiction, there is a paradigm case for an award of fees under RCW 4.28.185(5)."); *Dudley v. Lucasfilm, Ltd*, 2014 WL 1056652, at *5 (E.D. Wash. Mar. 18, 2014).

### B. Defendant B&M Austria Seeks an Award of Fees for 138.75 Hours of Attorney Work Defending B&M Austria in This Action

B&M Austria seeks recovery of only a small portion of the fees it actually incurred in this Action. B&M USA does not seek fees at this time.[1] "The Ninth Circuit has instructed that district courts must calculate awards for attorney fees using the lodestar method, which is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. … In most cases, the lodestar figure is presumptively a reasonable fee award." *Weigand v. Cheung*, 2016 WL 4591840, at *1 (E.D. Wash. Sept. 1, 2016); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

[1] Defendants do not waive and, instead, expressly reserve their rights to assert that this action was "frivolous" within the meaning of RCW 4.84.185 and "exceptional" within the meaning of the Lanham Act, 15 U.S.C. § 1117.

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

**1. The Requested 138.75 Hours of Work Are Reasonable**

Hours are "reasonably expended" when they are not "excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case." *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 763 (9th Cir. 2015).

Work by local *and* national counsel can properly be awarded. Courts have included time from multiple attorneys across multiple law firms in an award of fees. *See, e.g.*, *Community Assoc. for Restoration of the Env., Inc. v. Cow Palace, LLC*, 2016 WL 3582754 (E.D. Wash. Jan. 12, 2016) (court's consideration of a specialist counsel and local counsel). Defendant respectfully submits that some modest "overlap" of work is entirely appropriate (if not required) in cases like this, where lead counsel is admitted *pro hac vice* based on their subject matter expertise and long term relationships with the case and client, but the Local Rules require local counsel to sign all pleadings under Rule 11 and be "meaningfully involved" in the litigation. *Cf.* LCivR 83.2(c)(1). Here, in compliance with the Local Rules, national counsel with a long-standing history of representing Defendants worked closely with local counsel located in Spokane, Washington. Local and national counsel collaborated on case strategy, motion preparation, and argument. Local counsel also advised on court-specific practices and procedures.

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

As detailed in the Declaration of Christopher Gaspar,[2] counsel from Milbank LLP spent at least 890 billed hours representing Defendants in this action. (Gaspar Decl. ¶ 4). As detailed in the accompanying Declaration of John Nelson, counsel from Foster Garvey P.C. spent at least 35 billed hours. (Nelson Decl. ¶ 5). This Motion, however, requests an award representing only 128 hours for Milbank LLP and 10.75 hours for Foster Garvey P.C., all of which specifically concern B&M Austria's successful Motion to Dismiss for Lack of Personal Jurisdiction. (Gaspar Decl. ¶ 8; Nelson Decl. ¶ 7). Defendants are not currently seeking fees relating to: (i) non-partner time; (ii) pre-suit letter practice and negotiations; (iii) Defendants' successful Motion to Dismiss for Failure to State a Claim; (iv) Defendants' Motion to Stay; (v) motions for extensions of time; (vi) the Answer; or (vii) the successful Motion for Judgment on the Pleadings. The number of hours actually incurred for which recompense is *not* requested in this motion exceeds 775 hours.

Defendants prevailed on every contested issue in this action and NSG, like

[2] "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). For ease of this Court's review, B&M Austria submits a reproduction of the time entries underlying the requested award, redacted only to eliminate privileged information. (Gaspar Decl. at Exhibit A).

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

the plaintiff in *Weigand*, "had several opportunities to either avoid this lawsuit or resolve it much earlier, which would have reduced their exposure to attorney fees. It did neither." 2016 WL 4591840, at *1.

**2. Defendant Reserves the Right to Request Fees for Preparing and Litigating the Present Motion**

The Court may award reasonable fees incurred preparing and defending the present motion. *See, e.g.*, *Anderson v. Director, Office of Workers Comp. Prog.*, 91 F.3d 1322, 1325 (9th Cir. 1996); *cf. Weigand*, 2016 WL 4591840. B&M Austria reserves the right to seek reasonable fees relating to this Motion.

**C. A RATE OF $680 PER HOUR IS REASONABLE**

In general, the reasonable hourly rate is determined by a rate "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Here, a reasonable community rate is local counsel's standard rate of $680 per hour. (Nelson Decl. ¶ 4).[3] "Where attorneys have an established rate for

---

[3] *Cf. Wakefield Kennedy LLC v. Baldwin*, No. 11-cv-00604-DN-EJF, ECF No. 200 (D. Utah April 15, 2013) (fees to John Nelson at $525 per hour in 2013); *Plumbers Union Local No. 12, Pension Fund v. Ambassadors Grp Inc.*, 2012 WL 12965710, at *3 (E.D. Wash. June 28, 2012) ($500 per hour for partners in 2012).

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

billing clients, that rate will likely be the reasonable rate." *Buich v. Tadich Grill Dev. Co.*, 2020 WL 60310, at *9 (Wash. App., Div. 1 Jan. 6, 2020) (awarding out-of-state and in-state attorneys at their standard rates).

Further, Courts may increase the lodestar amount when it is reasonable for the circumstances. *Morales*, 96 F.3d at 363-64; *Pakootas v. Teck Cominco Metals, Ltd.*, 2006 WL 10671390, at *1-2 (E.D. Wash. Dec. 21, 2009) (awarding upward adjustment because "of the novelty and difficulty of the questions involved in [the] case thus far, and the skill required by counsel to address those questions.").

Milbank LLP has represented B&M Austria as lead counsel in all facets of its defense to NSG's three lawsuits, including here where NSG sought permanent injunctive relief for trademark infringement. (Gaspar Decl. ¶ 3). By employing consistent counsel across the disputes instigated by NSG, Defendants were able to leverage the firm's institutional knowledge of defendants' business practices and the elements of NSG's various claims and actions. Similarly, *Plaintiff NSG* engaged national counsel in all three of its actions against B&M Austria. (*Id.*).

## IV. CONCLUSION

B&M Austria respectfully asks the Court to grant this motion for attorneys' fees and to award fees in an amount of $94,350 as costs under RCW 4.28.185(5).

FOSTER GARVEY P.C.
618 W. Riverside, Suite 300
Spokane, Washington 99201-5102
Phone (509) 777-1600 Fax (509) 777-1616

Dated: April 29, 2020

Respectfully submitted,

*s/ John Ray Nelson*
John Ray Nelson, WSBA #16393
FOSTER GARVEY P.C.
618 W. Riverside, Ste. 300
Spokane, WA 99201
Email: john.nelson@foster.com

*-and-*

Christopher J. Gaspar, *(Pro Hac Vice)*
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Email: cgaspar@milbank.com

Javier J. Ramos, *(Pro Hac Vice)*
MILBANK LLP
1850 K St. NW
Washington, DC 20006
Email: jramos@milbank.com

***Attorneys for Defendants***

MOTION FOR ATTORNEYS' FEES UNDER RULE 54(d) - 11
Case No. 1:19-cv-03112-SAB

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2020, I electronically filed the foregoing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED at Spokane, Washington, this 29th day of April 2020.

*s/Julia Robertson*
Julia Robertson
Legal Assistant

MOTION FOR ATTORNEYS' FEES UNDER RULE 54(d) - 12
Case No. 1:19-cv-03112-SAB

FOSTER GARVEY P.C.
618 W. RIVERSIDE, SUITE 300
SPOKANE, WASHINGTON 99201-5102
PHONE (509) 777-1600 FAX (509) 777-1616